COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.       **2024AP1578**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV780

IN COURT OF APPEALS
DISTRICT II

---

DANIEL RADTKE AND MARY RADTKE,

  PLAINTIFFS-APPELLANTS,

 V.

NICHOLAS KOMATER AND DANIELLE KOMATER,

  DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Reversed and cause remanded*.

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Daniel and Mary Radtke appeal from a judgment dismissing their complaint against Nicholas and Danielle Komater on summary judgment.  The Radtkes had accused the Komaters of breach of contract and misrepresentation with regard to the sale of a home.  For the reasons that follow, we reverse the judgment and remand the matter for further proceedings.

¶2    In 2001, Nicholas Komater purchased a home in the City of New Berlin.  The home was ranch style with an original footprint dating back to about 1900.  Nicholas lived there mostly by himself until he married Danielle, who moved into the home in 2008.

¶3    During his ownership of the home, Nicholas undertook a number of renovations—either by himself or with the assistance of others.[1]  These included adding a bedroom, remodeling a kitchen and bathroom, installing brick veneer on the exterior of the home, replacing a patio door, and installing wood flooring in the great room.

¶4    In 2021, the Komaters sold the home to the Radtkes.  In their real estate condition report, the Komaters represented that they were not aware of any "ongoing water or moisture intrusions or conditions" or "defects in any structure on the property."

¶5    Upon moving in, the Radtkes immediately noticed that the home felt excessively moist and humid.  During a subsequent renovation, they discovered severe structural degradation in the floor and walls caused by water infiltration.

---

[1] Nicholas worked in the construction industry, performing concrete work.  He would sometimes "trade off work" with others in the industry to complete renovations.

This structural degradation required them to tear down and rebuild a portion of the home.

¶6 Citing the representations in the real estate condition report, the Radtkes filed a complaint against the Komaters for breach of contract and misrepresentation. After discovery, the Komaters moved for summary judgment, arguing that there was no evidence that they were aware of moisture intrusion or structural defects in the home.

¶7 Following briefing and a hearing on the matter, the circuit court granted the Komaters' motion for summary judgment and dismissed the Radtkes' complaint. The Radtkes now appeal that decision. Additional facts are set forth below.

¶8 We review a grant of summary judgment de novo, applying the same standard as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2023-24).[2]

¶9 In deciding if genuine issues of material fact exist, we draw all reasonable inferences in favor of the non-moving party. *Metropolitan Ventures, LLC v. GEA Assocs.*, 2006 WI 71, ¶20, 291 Wis. 2d 393, 717 N.W.2d 58. However, "[c]redibility of witnesses is not a determination to be made at the summary judgment stage." *Pum v. Wisconsin Physicians Serv. Ins. Corp.*, 2007 WI App 10, ¶16, 298 Wis. 2d 497, 727 N.W.2d 346 (2006).

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

¶10     Here, the Radtkes cite several issues of material fact arising from the testimony obtained in discovery. The first concerns the subject of moisture intrusion. Although Nicholas denied noticing signs of moisture intrusion in his deposition, one of Radtkes' expert witnesses, a structural engineer named Vincent Matarrese, testified that the Komaters "would have experienced the same thing that the Radtkes experienced" with respect to the "presence of moisture" in the home. That is because the moisture intrusion stemmed, in part, from brick veneer on the exterior of the home that was insufficiently waterproofed. That brick veneer was installed approximately two years before the sale of the home, giving the Komaters sufficient time to become aware of the problem.

¶11     The second issue of material fact concerns structural defects that would have been apparent when replacing the home's patio door. According to the Radtkes' other expert witness, a contractor named Eric Vesel, a new piece of lumber was found by his company underneath the patio door.[3] Vesel explained that whoever installed the new piece of lumber—which was likely added to aid the patio door's operation—"knew what was going on" with respect to the deteriorating structure because the framing members on either side of the new piece of lumber were rotted. Again, Nicholas denied knowing anything about the matter and suggested that another man, later identified as Joseph Griger,[4] had installed the lumber when replacing the patio door. However, when Griger was deposed, he did not recall doing the work even after being shown photographs of

[3] Vesel's company was called in to help investigate why a floor dropped during a renovation undertaken by the Radtkes.

[4] Nicholas indicated that the man was a friend of a contractor named Al Kohal. When Al Kohal was deposed, he identified Joseph Griger as someone who might have performed the work.

the property. This, of course, raises a question of credibility as to Nicholas' account of who actually performed the work.

¶12 The final issue of material fact concerns structural defects that would have been apparent when installing wood flooring in the home's great room. Nicholas acknowledged performing this work himself; however, he insisted that he never opened the subfloor when doing so. Matarrese appeared to challenge this testimony in his deposition, noting that there was a "considerable amount of lumber that was reinforced below the floor system." Matarrese went on to explain that, "the only way to add that lumber, to sister in lumber in place of deteriorated lumber would have been to pull the floor up and expose that area." Again, this raises a question of credibility as to Nicholas' account of what transpired when installing the wood flooring.

¶13 On this Record, we conclude that the circuit court erred in granting the Komaters' motion for summary judgment. Drawing all reasonable inferences in favor of the Radtkes, the testimony obtained in discovery establishes genuine issues of material fact regarding the Komaters' awareness of moisture intrusion and structural defects in the home. Moreover, the testimony raises questions of witness credibility that cannot be resolved at the summary judgment stage. Accordingly, the court should have permitted the Radtkes' claims to proceed to trial. Because it did not, we reverse the judgment and remand the matter for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

5